**CLOSED
CIVIL
CASE**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. PIERCE DIVISION**

Case No. 08-14289-CIV-GRAHAM/LYNCH

SUE ANN HODGES, individually
and as Personal Representative
for the estate of Stephen P.
Hodges, deceased, and as next
friend to Sean Kenneth Hodges
and Samuel Stephen Hodges,

      Plaintiff,

vs.

B & E HOUCK ENTERPRISES, INC.,
doing business as Ft. Pierce
Jet Center, et al.,

      Defendants.

                                    /

## ORDER

    **THIS CAUSE** came before the Court upon Plaintiff's Opposed Motion to Remand [D.E. 33].

    **THE COURT** has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

    Plaintiff moves this Court for an Order remanding this action back to the Circuit Court of the Nineteenth Judicial Circuit in St. Lucie County, Florida due to defective removal, and a lack of diversity and/or federal question jurisdiction.

    With respect to the first ground for remand, Plaintiff claims specifically that removal was defective because the removing Defendant, Mitsubishi Heavy Industries America, Inc.

1

("Mitsubishi"), failed to obtain consent from all Defendants.   In its Response, Defendant Mitsubishi argues that the requirement to obtain unanimous consent does not apply to fraudulently joined defendants or to defendants that have not been served.

## II.  DISCUSSION

A defendant can remove a civil action from state court to federal court if the federal court has original jurisdiction over the action.   28 U.S.C. § 1441(a).   However, a case may be remanded if there is a defect in the removal procedure.   28 U.S.C. § 1447(c); Global FX Inc. v. Platte River Insurance Co., No. 08-22381-CIV, 2008 WL 4371853 (S.D.Fla. Sep. 23, 2008); Bazerman v. Florida Department of Children and Family Services, 202 F.Supp.2d 1352, 1354 (S.D.Fla. 2002).

"The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal" for it to be proper under 28 U.S.C. § 1447(c). Russell Corp. v. American Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001); Mitsui Lines Ltd. v. CSX Intermodal Inc., et al., 564 F.Supp.2d 1357, 1360 (S.D.Fla. 2008).   Each defendant itself must consent to the removal.   Bazerman, 202 F.Supp.2d at 1355.   In other words, there must be "some timely filed written indication from each served defendant … that it has actually consented to such action.   Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant."   Id.   As the parties note in this case, the unanimity requirement does not apply to

2

those defendants who were not served at the time of the removal. Lazo v. US Airways, Inc., No. 08-80391-CIV, 2008 WL 3926430, at *2 (S.D.Fla. Aug. 26, 2008).   Nor does it apply to defendants that were fraudulently joined.   Diaz v. Kaplan University, 567 F.Supp.2d 1394, 1402 (S.D.Fla. 2008).

Defendant Mitsubishi filed its Notice of Removal on August 6, 2008 [D.E. 1] and its Amended Notice of Removal on August 21, 2008 [D.E. 10].   Of the eleven Defendants that were served prior to removal, only six have filed notices of their consent to removal [D.E. 3, 4, 5, 6, 13, 17].   Although Defendant Mitsubishi stated in its removal petition that "no defendant has objected to this removal", this statement is insufficient to satisfy the unanimity requirement.   "The mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder."   Bazerman, 202 F.Supp.2d at 1355 (quoting Production Stamping Corp. v. Maryland Cas. Co., 829 F.Supp. 1074, 1076 (E.D.Wis. 1993); Lazo, 2008 WL 3926430, at *2 ("merely asserting that all defendants consent to removal, in a petition, is insufficient").

Furthermore, two of the Defendants, Eagle Creek Aviation Services, Inc. ("Eagle Creek") and Hartzell Propeller, Inc. ("Hartzell"), have filed objections to removal [D.E. 38, 39] and have joined Plaintiff's Motion to Remand.   Defendant Eagle Creek was served on July 9, 2008, and Defendant Hartzell was served on August 1, 2008. [D.E. 36-2].   Because both of these service dates

precede the Notice of Removal [D.E. 1], and Defendant Mitsubishi did not argue that Defendants Eagle Creek and Hartzell were fraudulently joined, consent from Defendants Eagle Creek and Hartzell was required.   Given the foregoing, this Court finds that Defendant Mitsubishi's removal was defective because it failed to comply with the unanimity requirement.   Because a defect in the removal procedure is grounds for remand, this Court will not address the other arguments that were raised in Plaintiff's Motion to Remand.

### III. CONCLUSION

Based on the foregoing discussion, it is

**ORDERED AND ADJUDGED** that Plaintiff's Opposed Motion to Remand [D.E. 33] is hereby **GRANTED.**   It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of October, 2008.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:    Magistrate Judge Lynch
       Counsel of Record

4